# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09CV552-MU-02

KARIM ABDUL AKBAR,            )
    Plaintiff,            )
                      )
    v.                    )
                        )       **O R D E R**
ROBERT C LEWIS, Dir. of       )
   N.C. Prisons, et al.,      )
    Defendants.            )
_____)

**THIS MATTER** comes before the Court on Plaintiff's civil rights Complaint brought under 42 U.S.C. § 1983 (document # 1) and his Application to Proceed Without Prepayment of Fees and Affidavit (document # 2), both filed in the United States District Court for the Eastern District of North Carolina on December 1, 2009, and transferred to this Court by Order entered December 31, 2009 (document # 3). For the reasons stated herein, Plaintiff's IFP Application will be <u>denied</u>; and his Complaint will be <u>dismissed</u> without prejudice.

The Court notes that Plaintiff is no stranger to the federal courts in that he previously has filed at least[1] 14 federal cases over the preceding 16 years. A review of pertinent Court documents reflects that in addition to the cases which he filed which either were dismissed on summary judgment or voluntarily by

---

[1] In addition to the 14 cases which Plaintiff filed under the name "Karim Abdul Akbar," he also has filed several more cases under the name "James C. Mitchell."

Plaintiff, on August 23, 1993, proceeding as a pauper, he filed a civil rights case in the Eastern District of North Carolina against seven persons, docketed as case number 5:1993CT520-BO. However, by Order filed September 7, 1993, Plaintiff's case was dismissed as frivolous.

Similarly, on July 24, 1995, Plaintiff, again proceeding as a pauper, filed a civil rights action in the Eastern District of North Carolina against 30 persons, docketed as case number 5:1995CT628-H. However, by Order filed January 3, 1996, that action was dismissed for frivolousness as to all but one of those 30 persons.[2]

Thereafter, on May 5, 1998, Plaintiff, as a pauper, filed a civil rights action in the Eastern District of North Carolina, docketed as 5:1998CT361-F. However, by an Order filed February 11, 1999, all but one of Plaintiff's claims was dismissed as frivolous. Thereafter, plaintiff's remaining claim was dismissed by a summary judgment.

Finally for purposes of this Order, on September 26, 2002, Plaintiff, again proceeding as a pauper, filed a civil rights action in the Eastern District of North Carolina, docketed as case number 5:2002CT696-BO, against eight entities, including the Supreme Court of North Carolina and the State Court of Appeals.

---

[2] Plaintiff's sole surviving claim of excessive force also was subsequently dismissed on summary judgment.

However, on October 21, 2002, the Court dismissed that case as frivolous.

Notwithstanding his lack of success over the years, Plaintiff now has come to this Court on the instant Complaint alleging that the named Defendants conspired to violate his constitutional rights by refusing to allow him to wear the Kufi of his choice, as opposed to the Kufis which they offered to provide him. Plaintiff also has requested permission to proceed <u>in forma pauperis</u> with this action. However, notwithstanding whether or not Plaintiff's claim has merit, this Court has determined that he is not entitled to proceed as a pauper with this action because he previously has had at least three actions dismissed for frivolity.

Indeed, 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[3] Inasmuch as Plaintiff has not demon-

---

[3] Although two of the four frivolity dismissals referred to herein were entered before the 1996 enactment of the PLRA, the Fourth Circuit does not prohibit reliance upon such pre-PLRA cases under these circumstances. <u>See</u>

3

strated that he is under imminent danger of serious physical injury, his Complaint must be dismissed without prejudice to his right to re-file his action along with his payment of the $350.00 filing fee.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That Plaintiff's IFP Application (document # 2) is **DENIED**;

2. That the instant Complaint is **DISMISSED** without prejudice to Plaintiff's right to pay the filing fee and re-file this action. See 28 U.S.C. §1915(g); and

3. That the Clerk shall send a copy of this Order to Plaintiff.

**SO ORDERED.**

Signed: January 5, 2010

Graham C. Mullen
United States District Judge

---

Altizer v. Deeds, 191 F.3d 540 (4th Cir. 1999) (collecting out-of-circuit cases that relied upon pre-PLRA dismissals in three-strikes analyses).

4