```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
           CHARLOTTE DIVISION
              3:09CV552-MU-02
```

| | |
|---|---|
| KARIM ABDUL AKBAR,     )<br>    Plaintiff,         )<br>                        )<br>    v.                  )<br>                        )<br>ROBERT C LEWIS, Dir. of )<br>   N.C. Prisons, et al., )<br>    Defendants.         )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on Plaintiff's document captioned as a "Motion Not To Dismiss Response To Order," filed January 8, 2010 (document # 7). For the reasons stated herein, and for the further reasons stated in the Court's Order of dismissal, entered January 5, 2010 (document # 5), Plaintiff's <u>de facto</u> motion for reconsideration will be <u>denied</u>.

On December 31, 2009, Plaintiff's civil rights Complaint under 42 U.S.C. § 1983 and his Application to Proceed Without Prepayment of Fees and Affidavit (document ## 1 and 2, respectively) were transferred to this Court from the United States District Court for the Eastern District of North Carolina. Upon an initial review, the Court discovered that Plaintiff is a frequent filer who previously had filed numerous civil actions in the federal courts within this State. The Court's review further revealed that Plaintiff previously had sustained at least three dismissals under 28 U.S.C. § 1915A(b)(1); therefore, based upon his failure to meet the requirements of § 1915(g), he was not

entitled to bring this action against Defendant Lewis and the others without first paying the entire $350.00 filing fee.

Plaintiff, whose birth name was James Calvin Mitchell, has been assigned inmate identification number 0285275 by the North Carolina Department of Corrections.[1] Using that information, along with Plaintiff's current Islamic name, the Court conducted a computerized search of cases filed with the Fourth Circuit and was able to determine that in 1986, he filed a civil rights action in the United States District Court for the Eastern District of North Carolina against several parties, including a former Governor of this State. That case, which was captioned as Mitchell v. Martin, et al., 5:1986cv235-MC, ultimately was dismissed with prejudice by an Order filed December 8, 1993.[2]

In 1989, Plaintiff and other inmates jointly filed a civil rights action in the United States District Court for the Eastern District of North Carolina against Governor Martin and others. That action, which was captioned as Coleman, et al., v. Martin, et al, 5:89ct710-DU, was concluded by a stipulated dismissal on October 19, 1990.

In 1993, Plaintiff, using his Islamic name, filed a civil rights action against various personnel at Southern, Eastern,

---

[1] According to public records maintained on the website for the North Carolina Department of Corrections, Plaintiff has been incarcerated in the NCDOC on a murder conviction since 1973.

[2] Only those cases which the Court expressly identifies as countable were considered in Plaintiff's "three strikes" analysis.

Piedmont and Caledonia Correctional Centers. That action, which was captioned as Akbar v. Creecy, et al., 5:1993ct520-BO, was dismissed by an Order filed September 7, 1993 upon a finding that the complaint was frivolous in its entirety.

In 1995, Plaintiff filed a civil rights action against numerous prison personnel. That action, which was captioned as Akbar v. Price, et al., 5:1995ct628-H, largely was dismissed as frivolous by Order entered January 3, 1996; and the remaining claims were dismissed on summary judgment by Order entered April 22, 1997.

In 1998, Plaintiff filed a civil rights action against numerous other prison personnel. That action, which was captioned as Akbar v. Director of Prisons, et al., 5:1998ct361-F, partially was dismissed as frivolous by Order entered February 11, 1999; and the remaining claims were dismissed on summary judgment by Order entered March 28, 2002.

In 1999, Plaintiff filed a civil rights action against several prison employees. That action, which was captioned as Akbar v. McKinney, et al., 1:1999cv496, was dismissed on summary judgment by Order entered July 20, 2001.

In 2002, Plaintiff filed a civil rights action against numerous persons, including attorneys and the State Supreme Court and the Court of Appeals. That action, which was captioned as Akbar v. Bennett, et al., 5:2002ct696-BO, was dismissed as

frivolous by Order entered October 23, 2002.

In 2006, Plaintiff filed another civil rights action against former Director Bennett and other prison employees. That action, which was captioned as Akbar v. Bennett, et al., 5:2006ct3096-D, was dismissed without prejudice for Plaintiff's non-exhaustion of his administrative remedies. Such dismissal was entered on October 23, 2007.

In addition to the foregoing, pertinent Court records reflect that in 1988, Plaintiff filed a civil rights action captioned as Mitchell v. Jarvis, 5:1988cv629-H. However, there are no additional records for that proceeding. Finally, since the time that the Court entered its Order of dismissal in this case, two additional civil rights cases by Plaintiff have been transferred to this District from the Eastern District of North Carolina. Those cases are docketed as 3:2010cv23 and 3:2010cv24.

After reviewing the foregoing, the Court determined that the pauper actions docketed as 5:1993ct520-BO, 5:1995ct628-H, 5:1998-ct361-F, and 5:2002ct696-BO all had been dismissed, either entirely or in part, as frivolous. However, by his motion for reconsideration, Plaintiff denies that he filed 14 civil cases, as the Court previously stated. He also denies that he ever filed any actions under his birth name, James C. Mitchell. Yet, Plaintiff concedes that he might have filed as many as five civil actions in his Islamic name; and that North Carolina Prisoner

4

Legal Services handled "several" other civil cases on his behalf. At any rate, Plaintiff contends that all of the cases which he filed survived the reviewing Courts' frivolity review; therefore, this Court erred in finding that he was ineligible to proceed in forma pauperis with this action.

Although the Court mistakenly calculated Plaintiff's prior filings at 14 rather than 10, such error is of little consequence under the facts of this case. Indeed, this Court matched the inmate identification number which Plaintiff provided for his current action with the plaintiff's inmate identification number in the other actions in order to ensure that it did not use actions filed by some other similarly named inmates in Plaintiff's analysis. Having proceeded in that fashion, and notwithstanding his contentions to the contrary, the Court is certain that the four frivolity dismissals upon which it relied were sustained by Plaintiff Akbar, inmate number 0285275.

In sum, Plaintiff has failed to establish that he is entitled to have his Complaint reinstated and to proceed in forma pauperis. Therefore, this motion for reconsideration must be denied.

5

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's <u>de facto</u> motion for reconsideration (document # 7) is **DENIED.**

**SO ORDERED.**

Signed: January 22, 2010

Graham C. Mullen
United States District Judge