```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
            CHARLOTTE DIVISION
              3:09CV552-MU-02
```

```
KARIM ABDUL AKBAR,       )
     Plaintiff,          )
                         )
     v.                  )
                         )           O R D E R
ROBERT C LEWIS, Dir. of  )
   N.C. Prisons, et al.,)
     Defendants.         )
_____)
```

**THIS MATTER** comes before the Court on Plaintiff's so-called "Motion For Full Examination of Frivolity Dismissals" (document # 9), filed February 4, 2010. This document shall be construed as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

As was more fully recounted in the Court's Order of January 5, 2010 (document # 5), Plaintiff filed a civil rights Complaint that was transferred to this Court on December 31, 2009. Upon its initial review, this Court determined that Plaintiff previously had sustained at least three "strikes" as contemplated by 28 U.S.C. § 1915A(b)(1) for dismissals of his prisoner in forma pauperis actions; and that his current Complaint did not satisfy the exigent circumstances requirements set forth in 28 U.S.C. § 1915(g). Therefore, the Court's January Order denied Plaintiff's IFP Application and dismissed his Complaint without prejudice to his right to remit the $350.00 filing fee and re-file his action.

On January 8, 2010, Plaintiff filed a motion for reconsi-

deration (document # 7), contending that he had not sustained at least three strikes in his prior litigation. However, on January 22, 2010, the Court entered an Order (document # 8) denying Plaintiff's Motion. Such Order specifically identified by party names and docket numbers the cases upon which the Court relied in its determination of Plaintiff's three-strike status. The Order further explained that the Court had identified the subject dismissals by linking the Plaintiff's inmate identification number to the number provided by the Plaintiff on the Complaints in the dismissed cases.

By the instant Motion (document # 9) through which Plaintiff seeks additional reconsideration, he asserts that he legally changed from his birth to his Islamic name on July 31, 1991; that since the time of that change, he has not filed any other civil rights actions using his birth name; that he has asked North Carolina Prisoner Legal Services to provide him with copies of the complaints which that agency filed in his behalf; that he does not "recall anything about" one of the cases which the Court identified as a qualifying strike; and that he needs additional time and materials from this Court in order to prove that he is not ineligible for IFP status. Nevertheless, for the reasons below, as well as those stated in the Court's two earlier Orders, Plaintiff's motion for additional reconsideration must be denied.

First, the Court's Orders do not identify any cases which

Plaintiff filed in his birth name (James Calvin Mitchell) <u>after</u> 1991. Rather, the Orders referred to actions which he filed in 1986 and 1989 using his birth name and his inmate identification number.

Second, Plaintiff's recollection of a matter is immaterial to the Court's own independent investigation of the cases which subject him to the three strikes ban. Indeed, the Court carefully matched the actions in question with Plaintiff's inmate identification number, reviewed the corresponding documents and determined which cases counted against him for the purposes of § 1915. Because Plaintiff does not deny that 0285275 is his inmate identification number, the Court has no reason to disturb its earlier determinations.

Plaintiff's request for copies of the subject complaints must be denied. None of the cases upon which the Court relied were filed in this judicial district. Thus, Plaintiff must contact the Courts in which those complaints were filed in order to pay for and secure the desired copies.

Finally, Plaintiff's request for additional time to prove his eligibility also must be denied. Indeed, none of the information or responses which Plaintiff has provided comes close to demonstrating that he is eligible to proceed <u>in forma pauperis</u>. Ultimately, therefore, inasmuch as Plaintiff's case already has been dismissed, there are no deadlines to be

extended.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's <u>de facto</u> motion for reconsideration (document # 9) is **DENIED**.

**SO ORDERED.**

Signed: February 5, 2010

Graham C. Mullen
United States District Judge